UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CARL WEEMS, Jr.** | * | **CIVIL ACTION NO:** |
| | * | |
| **VERSUS** | * | |
| | * | |
| **THE NEW ORLEANS PUBLIC BELT** | * | **SECTION:** |
| **RAILROAD COMMISSION, D/B/A** | * | |
| **NEW ORLEANS PUBLIC BELT** | * | |
| **RAILROAD COMPANY** | * | **MAGISTRATE:** |
| ********************************************* | | |

**COMPLAINT FOR DAMAGES**

**MAY IT PLEASE THE COURT:**

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, Carl Weems, Jr., a person of full age and majority residing and domiciled in the Parish of Jefferson, State of Louisiana, and respectfully avers the following:

1. This Honorable Court has jurisdiction by virtue of 28 U.S.C. § 1337, 28 U.S.C. § 1331, and 45 U.S.C. § 51, *et seq*.

2. Venue is proper in the Eastern District of Louisiana as Orleans Parish is the parish were the cause of action(s) arose and/or accrued, and Defendant, New Orleans Public Belt Railroad [hereinafter "NOPB"], at all times mentioned herein was doing business in the Parish of Orleans as a common carrier in interstate commerce.

3. This is an action(s) arising under the provisions of the Federal Employer's Liability Act, 45 U.S.C. § 51 *et seq*., commonly referred to as the FELA to recover damages for personal injuries sustained by the Plaintiff on or about March 5, 2009 while employed in NOPB's Track

1

and Maintenance-of-Way Department as a trackman/roadway worker/welder and while engaged in interstate commerce.

4.     Defendant, City of New Orleans, by and through the Public Belt Railroad Commission of the City of New Orleans, is a political subdivision of the City of New Orleans, with its principal business establishment in the Parish of Orleans, does business as New Orleans Public Belt Railroad and as such engages in interstate commerce as a common carrier by railroad.

5.     Defendant, NOPB, is liable unto Plaintiff, Carl Weems, Jr., for all of the damages he sustained as a result of the negligence, carelessness, and/or recklessness that NOPB committed on March 9, 2009, as well as all general and equitable relief, together with legal interest thereon from the date of judgment until paid, and for all costs of these proceedings for the following reasons to-wit:

6.     On or about March 9, 2009, while performing an ordinary work assignment in the course and scope of his employment, Carl Weems, Jr., was injured by the reckless, negligent, and/or careless actions of the Defendant's employee, Glen Biancini.  On that date, Plaintiff sustained serious injuries to his teeth, mouth, and face when Defendant's employee, Glen Biancini, negligently and carelessly operated a one-inch impact wrench, which caused a bolt/nut to be shot into the air, striking the Plaintiff in the face, teeth, and mouth.

7.     Plaintiff avers that at the time of his injuries, he was an able-bodied railroad worker and that as a direct cause of Defendant's negligence under the Federal Employer's Liability Act (FELA) on March 9, 2009, Plaintiff sustained severe injuries that have caused him significant pain, suffering, lost wages, and unpaid medical expenses, for which he demands full recovery.

8.     Plaintiff further avers that Defendant, through its employees, agents, servants, and employees negligently and carelessly failed to provide him with a reasonably safe place to work

in violation of the provisions of the FELA, 45 U.S.C. § 51, *et seq*., thereby causing and/or contributing to the aforementioned injuries, in whole or in part; and the negligence of NOPB includes, but is not limited to the following acts to-wit:

    A. In that NOPB, in violation of its non-delegable duty, failed to provide Plaintiff with a reasonably safe place to work;

    B. In that NOPB, in violation of its non-delegable duty, failed to provide safe working conditions and proper equipment where Plaintiff was performing his duties in the manner required by Defendant;

    C. In that NOPB, in violation of its non-delegable duty, failed to warn Plaintiff of unsafe workplace conditions of which it knew, or in the exercise of reasonable care, should have known.

    D. In that NOPB, in violation of its non-delegable duty, failed to provide Plaintiff with sufficient and proper assistance.

    E. In that NOPB failed to exercise due care and caution commensurate with the surrounding circumstances;

    F. Other acts and omissions of negligence, which will be fully enumerated at the trial of this matter.

9. Plaintiff demands all damages reasonable in the premises and specifically itemizes the following damages for which he seeks recovery:

    A. Physical Pain and Suffering, Past and Future;

    B. Loss of Enjoyment of Life;

    C. Past Lost Wages;

    D. Unpaid Past Medical Expenses;

      E. Future Lost Wages, *if incurred*.

10. In addition to the injuries sustained on March 9, 2009, pled herein, Plaintiff, in the course and scope of carrying out his employment duties for the Defendant, has also sustained injuries to his left wrist, which required surgical intervention on September 26, 2012, and his right elbow. Plaintiff specifically pleads that these injuries were caused, in whole or in part, by the Defendant's negligence in failing to provide a reasonably safe place to work under the provisions of the Federal Employer's Liability Act, 45 U.S.C. § 51 *et seq*.

11. As a result of the injuries sustained as described in paragraph 10, Plaintiff demands full recovery for all damages caused, including pain and suffering, unpaid medical expenses, past lost wages, and future lost wages, *if incurred*.

12. Plaintiff reserves the right to supplement and amend this Complaint, as additional facts become known to him.

13. Plaintiff is entitled to and demands a trial by jury.

    WHEREFORE, Plaintiff, Carl Weems, Jr., prays that Defendant, New Orleans Public Belt Railroad, be duly served with a copy of this Complaint and be summoned to appear and answer same and after due proceedings are held that there be Judgment granted herein in favor of Plaintiff, Carl Weems, Jr. , and against Defendant, New Orleans Public Belt Railroad, for all sums reasonable in the premises, together with legal interest thereon from the date of judgment, until paid, for all costs of these proceedings and for all general and equitable relief.

Respectfully Submitted,

**DAVIS, SAUNDERS & MILLER, PLC**

BY:
*/s/ Joseph M. Miller*

**JOSEPH M. MILLER #30636**
**BENJAMIN B. SAUNDERS #11733**
**CARISA GERMAN-ODEN #31463**
400 Mariners Plaza Drive, Suite 401
Mandeville, Louisiana  70448
Telephone: (985) 612-3070
jmiller@davissaunders.com
**Attorneys for Carl Weems, Jr.**