UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CARL WEEMS, JR.** | **CIVIL ACTION** |
| **VERSUS** | **No. 13-591** |
| **THE NEW ORLEANS PUBLIC BELT RAILROAD COMMISSION, D/B/A NEW ORLEANS PUBLIC BELT RAILROAD COMPANY** | **SECTION "I"** |

## ORDER AND REASONS

Before the Court is a motion[1] filed by defendant, the New Orleans Public Belt Railroad Commission ("NOPB"), to dismiss or, in the alternative, to stay pursuant to the *Colorado River* abstention doctrine. Plaintiff, Carl Weems, Jr., opposes the motion.[2] For the following reasons, the motion is **DENIED**.

### Background

On March 2, 2012, Carl Weems, Jr. filed a petition for damages in Orleans Parish Civil District Court alleging that he sustained injuries as an NOPB employee when a co-worker's negligent use of a one-inch impact wrench seriously injured him in the face and mouth area.[3] According to defendant, the parties engaged in written discovery, subpoenaed medical records, and were in the process of scheduling plaintiff's deposition, when plaintiff hired new counsel.[4]

---

[1] R. Doc. No. 6.

[2] R. Doc. No. 7.

[3] R. Doc. No. 6-3, at ¶ 4.

[4] R. Doc. No. 6-2, at p. 1.

Defendant alleges that plaintiff's new counsel did not enroll in the state court proceeding but, rather, filed a parallel complaint in this Court.[5]

Defendant filed this motion to dismiss or, in the alternative, to stay plaintiff's federal case under the *Colorado River* abstention doctrine. Defense argues that the parallel filings are "a flagrant abuse of judicial economy and smack of forum shopping."[6] Plaintiff responds that the Court should honor his election to proceed in federal court because a jury trial is not available for his claims in state court.[7]

## Standard of Law

Abstention is the relinquishment of a federal court's jurisdiction "when necessary to avoid needless conflict with a state's administration of its own affairs." *Black's Law Dictionary* (9th ed. 2009). "Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). "'The doctrine of abstention . . . is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it.'" *Id.* (quoting *Cnty. of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-89 (1959)). "'Abdication of the obligation to decide cases can be justified under [the abstention doctrine] only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest.'" *Id.* (quoting *Allegheny*, 360 U.S. at 188-89).[8]

---

[5] *Id.* at 1-2.

[6] *Id.* at 3.

[7] R. Doc. No. 7.

[8] The Court notes that "a stay is as much a refusal to exercise federal jurisdiction as a dismissal . . . it presumably concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983). The Court further notes that "[a]lthough

In *Colorado River*, the U.S. Supreme Court noted that, generally, "'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction. . . .'" *Id.* at 817 (quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910)). This is because of the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Id.* at 817-18 (citing *England v. La. State Bd. of Med. Exam'rs*, 375 U.S. 411, 415 (1964)). Accordingly, a court may abstain from a case because of parallel litigation in state court only under "exceptional" circumstances. *Id.* at 818.

In order to determine if the *Colorado River* abstention doctrine applies, courts must first inquire into whether the federal and the state actions are parallel. An action is parallel when it has "the same parties and the same issues" as a case in a different forum. *Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 491 (5th Cir. 2006). To determine whether "exceptional" circumstances exist in a given case, courts consider six factors: (1) the assumption by either court of jurisdiction over a *res*, (2) the relative inconvenience of the forums, (3) the avoidance of piecemeal litigation, (4) the order in which jurisdiction was obtained by the concurrent forums, (5) the extent to which federal law provides the rules of decision on the merits, and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction. *Colo. River*, 424 U.S. at 818-19; *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 18-26 (1983). No one factor is determinative, and all applicable factors must be carefully balanced in a given case, "with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone*, 460 U.S. at 16.

---

the Supreme Court said in *Moses H. Cone* that Colorado River necessarily contemplates that the federal court will have nothing further to do with the case, whether it stays or dismisses, a number of lower courts have expressed a preference for a stay so that a federal forum will remain available if the state-court litigation should not provide a complete and prompt resolution of the issues." 17A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4247 (3d ed. 2013) (citing *Allen v. La. State Bd. of Dentistry*, 835 F.2d 100, 105 (5th Cir. 1988)).

**Discussion**

The federal and state cases filed in connection with this matter appear to be parallel, however, after balancing the *Colorado River* factors, exceptional circumstances do not exist which would justify abstention in the present case.

Defendant acknowledges that the first, second, and third factors do not favor abstention. The fourth factor does not weigh strongly in favor of abstention because the state case, while filed first, has not proceeded beyond limited written discovery. *See Conseco Fin. Servicing Corp. v. Shinall*, 51 F. App'x 483, 5 (5th Cir. 2002) (explaining that this factor weighed only slightly in favor of abstaining when the parallel case was filed nine months earlier, discovery had been authorized, and the parties had propounded written discovery). The fifth factor weighs in favor of exercising jurisdiction because plaintiff's claims arise under the Federal Employers' Liability Act, 45 U.S.C. § 51.[9] *See Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1193 (5th Cir. 1988). ("The presence of a federal law issue 'must always be a major consideration weighing against surrender [of jurisdiction].'"). Finally, the sixth factor is neutral at best given plaintiff's inability to secure a jury trial in state court.[10] *Evanston*, 844 F.2d at 1193. (noting that the sixth factor "can only be a neutral factor or one that weighs against, not for, abstention.").

As stated, the *Colorado River* factors do not indicate that exceptional circumstances exist in this case such that it should be dismissed or stayed. Although defendant argues that this Court

---

[9] "FELA provides for concurrent jurisdiction of the state and federal courts, § 56, although substantively FELA actions are governed by federal law." *Norfolk S. Ry. Co. v. Sorrell*, 549 U.S. 158, 165 (2007) (citing *Chesapeake & Ohio R. Co. v. Stapleton,* 279 U.S. 587, 590 (1929)).

[10] The Fifth Circuit has noted that "neither the Supreme Court nor this court has ever held that a stay is appropriate solely because a jury trial is available in one forum, but not another. Indeed, the availability of a jury trial is not one of the factors the Supreme Court has authorized lower courts to consider in determining whether a stay is warranted under . . . *Colorado River*." *Transocean Offshore USA, Inc. v. Catrette*, 239 F. App'x 9, 13 (5th Cir. 2007).

should not permit plaintiff's "flagrant" attempt at forum shopping, courts have not applied the *Colorado River* abstention doctrine based on forum shopping alone. *See* 17A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4247 (3d ed. 2013) ("There is no doctrine of abstention or deference that authorizes a federal court to decline to exercise jurisdiction on the ground of forum shopping alone."). To the extent such considerations are relevant, they do not demonstrate that exceptional circumstances justify abstention in this case. *Cf. Moses H. Cone*, 460 U.S. at 17 & n.20.

## Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the motion to dismiss or, in the alternative, to stay pursuant to the *Colorado River* abstention doctrine is **DENIED**.


New Orleans, Louisiana, July 23, 2013.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

5